UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 10-CV-442 (JFB) (ETB)

———————

LENA G. DAVIN,

Plaintiff,

VERSUS

WHM, LLC,

Defendant.

———————

ORDER ADOPTING REPORT AND RECOMMENDATION
April 15, 2011

———————

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation from the Honorable E. Thomas Boyle, United States Magistrate Judge, recommending that the Court dismiss this case because plaintiff has failed to comply with Court orders and has failed to prosecute the case.

Plaintiff Lena G. Davin ("plaintiff" or "Davin") commenced this personal injury action on December 15, 2009, in New York State Supreme Court, Suffolk County against defendant WHM, LLC ("defendant" or "WHM"). On February 2, 2010, defendant filed a notice of removal in the United States District Court for the Eastern District of New York. Magistrate Judge Boyle scheduled an initial conference for June 10, 2010, but on that date, the parties failed to appear. Instead, the parties informed Judge Boyle that the case had been settled, and Judge Boyle accordingly directed the parties to file a stipulation of discontinuance within thirty days. (Docket No. 4.) However, the parties failed to file a stipulation as per Judge Boyle's order. Thereafter, on September 16, 2010, Judge Boyle issued a status report order directing the parties to inform the Court, in writing, within ten days as to the status of the action. Again, the parties failed to comply with Judge Boyle's order. (Docket No. 5.) Finally, on October 15, 2010, Judge Boyle issued an order to show cause directing the parties "to show cause before the court, in writing, on ECF, on October 21, 2010, why this action should not be discontinued, based on the

settlement reportedly reached in this action in June 2010." (Docket No. 6.) After the parties failed to comply with the order to show cause, Judge Boyle issued a Report and Recommendation ("Report") on November 3, 2010 recommending that the action be dismissed with prejudice. The Report instructed the parties to submit any objections within fourteen days. Neither party, however, filed any written objections to the Report. For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety and dismisses the instant action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

Under the circumstances, all the above-referenced factors favor dismissal of the instant case with prejudice. A careful review of the docket sheet indicates that plaintiff, despite multiple orders from the Court, has not taken any action in this case or communicated with the Court since approximately ten months ago in June 2010. Moreover, the order to show cause plainly provided plaintiff with notice that failure to comply would result in dismissal of the action.[1] Nevertheless, plaintiff failed to comply with Magistrate Judge Boyle's orders. Thus, plaintiff has demonstrated no interest in continuing this action and no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open under the circumstances. Furthermore, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances. Therefore, dismissal for failure to prosecute and comply with the Court's orders is clearly warranted.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the Report for clear error, Court adopts the findings and recommendations contained in the Report and Recommendations in their entirety and dismisses the plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.[2] The Clerk of the Court is directed to close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: April 15, 2011
Central Islip, New York

* * *

The attorney for plaintiff is Matthew H. Bligh, Rosenberg & Gluck, 1176 Portion Rd., Holtsville, NY 11742. The attorney for defendant is Robert Gregg Schenker, Faust Goetz Schenker, Two Rector Street, 20th Floor, New York, NY 10006.

---

[1] In addition, the Report specifically recommends that the case be dismissed *with prejudice*, and, despite having received notice of this, neither party filed any objections.

[2] Even if the Court were conducting a *de novo* review, the Court would reach the same conclusion for the reasons set forth herein.